# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

GILBERT SANDOVAL,

      Plaintiff,

    vs.                                                                                                                       No. 98-0694 JC/DJS

ELLSWORTH MOTOR FREIGHT LINES,
INC., et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Strike Expert Witnesses, filed June 11, 1999 *(Doc. 30)*. Plaintiff asks the Court to strike as expert witnesses Bernalillo County Sheriff's Deputies Valencia and Jones, because Defendants failed to identify them by the expert witness identification deadline of February 15, 1999. In addition, Deputies Valencia and Jones have not prepared any expert reports pursuant to FED. R. CIV. P. 26(a)(2).

There is an issue as to whether Deputies Valencia and Jones will testify as experts or give merely lay testimony as the investigators of the automobile accident which is the subject of this lawsuit. For purposes of this Memorandum Opinion and Order only, I will assume that Deputies Valencia and Jones will testify under the expert witness provisions of FED. R. EVID. 702, 703 and 705. As a starting point for discussing whether to strike Deputies Valencia and Jones as expert witnesses, the Court notes that D.N.M.LR-Civ. 16.1 states that "[a]ny modification of the [Initial Pretrial Report] deadlines, whether or not opposed, will require a showing of good cause." Defendants state that they originally identified Deputies Valencia and Jones as witnesses in the Initial

Pretrial Report in December 1998. However, the Initial Pretrial Report handed to Magistrate Judge Svet at the Initial Scheduling Conference inadvertently failed to contain Defendants' list of proposed witnesses. When it became apparent that the Initial Pretrial Report did not include the Defendants' witness list, Defendants re-listed those witnesses including Deputies Valencia and Jones in a March 9, 1999 letter to Plaintiff's counsel. Under these circumstances, I find that there is good cause under D.N.M.LR-Civ. 16.1 to modify the February 15, 1999 expert witness identification deadline so that Defendants are now in compliance with any such deadline.

With respect to expert witness reports, FED. R. CIV. P. 26(a)(2)(B) states that disclosure of expert witnesses "shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness." The deputies in this instance were not "retained or specially employed to provide expert testimony in the case." Moreover, they are not employees of Defendants who regularly give expert testimony. Consequently, I find that Deputies Valencia and Jones are not required to provide expert witness reports under FED. R. CIV. P. 26(a)(2)(B). For all of the above reasons, I conclude that Plaintiff's Motion to Strike Expert Witnesses is not well taken and should, therefore, be denied.

Wherefore,

IT IS ORDERED that Plaintiff's Motion to Strike Expert Witnesses *(Doc. 30)* is **denied**.

DATED this 25th day of June, 1999.

*[signature: John Edwards Conway]*
**CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:	Martin J. Chavez
	Aragon Law Firm
	Albuquerque, New Mexico

Counsel for Defendants:	Tracy M. Jenks
	Rodey, Dickason, Sloan, Akin & Robb, P.A.
	Albuquerque, New Mexico